**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KELLY ANN ARISMENDY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-938 |
| | § | |
| UNITED STATES COMMISSIONER OF INTERNAL REVENUE, *et al.*, | § § § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

The plaintiff, Kelly Ann Arismendy, representing herself, filed a petition to quash an Internal Revenue Service summons directed to J.P. Morgan Chase. She named as defendants the United States; the Commissioner of the Internal Revenue Service; Miguel Pineda, an IRS agent; John Doe; and JP Morgan Chase Bank. Arismendy seeks to quash a summons issued to aid in the collection of income-tax liabilities. The summons sought JP Morgan Chase Bank's information and documents relating to Arismendy from January 1, 2008 to March 16, 2017.

The United States moved to dismiss for lack of subject-matter jurisdiction,[1] and Arismendy responded. (Docket Entry Nos. 4, 6). After careful review of the complaint, the briefs, and the applicable law, the court grants the motion to dismiss this action. An order of dismissal is separately entered.[2] The reasons this court lacks subject-matter jurisdiction are explained below.

---

[1] The government contends in its motion that the court lacks personal jurisdiction because Arismendy failed to serve the United States Attorney General under Federal Rule of Civil Procedure 4(i). Arismendy argues in her response that she has cured the defective service. Because this court lacks subject-matter jurisdiction over this action, the service of process issue is moot.

[2] Arismendy has moved to consolidate cases with a companion case, 4:17-cv-1139, and to extend the time for a Rule 16 conference. (Docket Entry Nos. 9, 10). Both motions are moot.

**I.       The Legal Standard for Dismissal for Lack of Subject-Matter Jurisdiction**

Under Rule 12(b)(1), which governs challenges to a court's subject-matter jurisdiction, "[a] case is properly dismissed, for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Masidon*, 143 F.3d 1006, 1010 (5th Cir. 1998). "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When examining a factual challenge to subject-matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *see also Clark*, 798 F.2d at 741. When a party challenges the allegations supporting subject-matter jurisdiction, the court has wide discretion to allow affidavits or other documents and to hold a limited evidentiary hearing to resolve disputed jurisdictional facts. The court may consider matters outside the pleadings, to resolve factual challenges to subject-matter jurisdiction, without converting the motion to dismiss to one for summary judgment. *See Garcia*, 104 F.3d at 1261.

**II.      Analysis**

The summons is captioned "In the matter of Kelly Ann Arismendy" and orders J.P. Morgan Chase to produce and testify regarding records "relating to the tax liability or the collection of the

tax liability" concerning Arismendy, or "for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning [Arismendy]." (Docket Entry No. 4, Ex. A at 1). Arismendy argues that the summons should be quashed because the IRS issued it for the "impermissible purpose of gathering evidence solely for a Criminal Investigation." (Docket Entry No. 1 at 2–4). She also argues that the summons lacks proper authority, is overbroad, and is not properly attested to, among other defects. (*Id.*).

Arismendy invokes 26 U.S.C. § 7609, which authorizes a proceeding in a district court to quash a third-party summons:

> . . . [A]ny person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons . . . . In any such proceeding, the Secretary may seek to compel compliance with the summons.

26 U.S.C. § 7609(b)(2)(A). *See* 26 U.S.C. § 7609(h)(district courts have jurisdiction over proceedings brought under § 7609(b)(2)).

Section 7609(b)(2)(A) applies only to a "person who is entitled to notice" under Section 7609(a). Section 7609(a) requires notice to "any person (other than the person summoned) who is identified in the summons," which would include Arismendy. *See* 28 U.S.C. § 7609(a)(1); (Docket Entry No. 4, Ex. A). But § 7609(a) does not apply to Arismendy because § 7609(c)(2)(D) states that the procedures do not apply to summonses "issued in aid of collection of" tax liabilities.[3] The summons Arismendy challenges was for "data relating to the tax liability or the collection of the tax liability . . . concerning [Arismendy]." (Docket Entry No. 4, Ex. A).

Because the summons falls within the notice exceptions in § 7609(c)(2)(D), Arismendy was

---

[3] 28 U.S.C. § 7609(c)(2)(D) ("This section shall not apply to any summons . . . issued in aid of the collection of– (i) an assessment made or judgment rendered against the person with respect to whose liability the summons is issued; or (ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i)").

3

not entitled to notice under § 7609(a)(1). Because she was not entitled to notice under § 7609(a)(1), she does not have the right to begin a proceeding to quash the summons under § 7609(b)(2). The authorities Arismendy cites do not hold otherwise. Instead, the authorities reinforce this conclusion. *See, e.g., Gutierrez v. United States*, No. CS-95-599-RHW, 1996 WL 751342, at *2 (E.D. Wash. July 31, 1996) (§ 7609 "grants the district courts subject-matter jurisdiction over petitions to quash third party record keeper summons, filed by *a party given notice* of the service of the summons") (emphasis added).

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (internal quotation marks and citations omitted); *see Taylor v. United States*, 292 F. App'x 383, 385 (5th Cir. 2008) (affirming the dismissal of a petition to quash a third-party IRS summons under § 7609 and noting "the fundamental principle that the United States cannot be sued unless its sovereign immunity has been explicitly and unequivocally waived through Congressional statute"). The Internal Revenue Code does not give Arismendy standing to bring her petition to quash the summons. Because she was not entitled to notice of the summons, the United States has not waived its sovereign immunity against suit and this court lacks-subject matter jurisdiction.

**III.  Conclusion**

The motion to dismiss for lack of subject-matter jurisdiction is granted. (Docket Entry No. 4). An order of dismissal is entered separately.

SIGNED on July 10, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge