United States District Court
Southern District of Texas
**ENTERED**
August 08, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLY ANN ARISMENDY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-938 |
| | § | |
| UNITED STATES COMMISSIONER OF | § | |
| INTERNAL REVENUE, *et al.,* | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING THE GOVERNMENT'S
MOTION FOR RECONSIDERATION**

The plaintiff, Kelly Ann Arismendy, representing herself, filed a petition to quash an Internal Revenue Service summons directed to J.P. Morgan Chase. She named as defendants the United States; the Commissioner of the Internal Revenue Service; Miguel Pineda, an IRS agent; John Doe; and JP Morgan Chase Bank. Ms. Arismendy seeks to quash a summons issued to aid in the collection of income-tax liabilities. The summons sought JP Morgan Chase Bank's information and documents relating to Ms. Arismendy from January 1, 2008 to March 16, 2017.

The United States moved to dismiss for lack of subject-matter jurisdiction, and Ms. Arismendy responded. (Docket Entry Nos. 4, 6). This court granted the motion to dismiss after finding that Ms. Arismendy was not entitled to notice of the summons. (Docket Entry No. 13). The government filed a motion for reconsideration, conceding for the first time that Ms. Arismendy was in fact entitled to notice of the summons, and she did not receive it. (Docket Entry No. 15). The government stated that because it did not follow the proper procedure, it was withdrawing the summons and would not seek to enforce it.

The government previously relied on the notice exceptions in 26 U.S.C. § 7609(c)(2)(D). The government reversed its prior position and conceded that Ms. Arismendy was entitled to notice of the summons. The government explained that although it was investigating Ms. Arismendy's potential tax liability as an "alter-ego/nominee/transferee of a related taxpayer with an assessed liability," (Docket Entry No. 15 at ¶ 9), no assessment had been made against her. (*Id.* at ¶ 10). The § 7609(c)(2)(D) exceptions to the notice requirement applies to a summons issued in aid of an assessment. Because there is no assessment against Ms. Arismendy or against her as a transferee, the government concedes that she was entitled to notice of the summons. (*Id.* at ¶ 11). Based on the government's concession that she was entitled to notice, the court grants the motion for reconsideration and vacates the previous ruling denying the motion to quash.

The government states that it has not received any records from J.P. Morgan Chase. Given its failure to comply with the notice requirements, the government will not seek enforcement of the summons. (*Id*. at 1, 4) (the government "hereby withdraws the summons at issue in this case and will not seek enforcement of the summons"). This moots the relief sought in the petition to quash summons.

The court grants the motion for reconsideration, (Docket Entry No. 15), and denies the petition to quash summons as moot, (Docket Entry No. 1). An order of dismissal is separately entered.

SIGNED on August 8, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge