IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KELLY ANN ARISMENDY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-17-938 |
| § | |
| UNITED STATES COMMISSIONER OF § | |
| INTERNAL REVENUE, *et al.,* § | |
| § | |
| Defendants. § | |

**ORDER DENYING MOTION FOR CONTEMPT**

The plaintiff, Kelly Ann Arismendy, filed this suit to quash summons sent to JP Morgan Chase by the Internal Revenue Service seeking information and documents related to Arismendy's income-tax liabilities. The court dismissed the case for lack of subject-matter jurisdiction, (Docket Entry No. 13), but on a motion for reconsideration filed by the government conceding that Arismendy had been entitled to notice of the summons, the court vacated its ruling denying the petition to quash. (Docket Entry No. 16). The government voluntarily withdrew the original summons and stated it would not seek enforcement and the court denied the petition to quash as moot. (*Id.*).

Arismendy now asks the court to find IRS Agent Miguel Pineda in contempt of court for issuing a new summons to JP Morgan Chase without giving the required notice to Arismendy. (Docket Entry No. 18). Arismendy submits evidence that JP Morgan received a new subpoena in January 2018 from the IRS for documents or information related to a matter involving Mike Palma. (Docket Entry No. 18-1). She argues that by issuing the new summons, Pineda violated this court's order "to prevent JP Morgan Chase from turning over documents." (Docket Entry No. 18 at 1). Arismendy further accuses Pineda of "circumvent[ing] the order from this court prohibiting JP

Morgan Chase from providing information" by sending the summons to a different JP Morgan Chase office. (*Id.* at 2).

The government responds that Arismendy's motion is "groundless, baseless, and misleading." (Docket Entry No. 20 at 1). The government argues that Arismendy's motion incorrectly claims that the IRS is seeking to reissue or enforce the summons from July 2017 that it had previously withdrawn. Instead, the IRS issued a new, different summons to JP Morgan Chase for Arismendy's records related to the income-tax liabilities of Mike Palma. The government argues that Arismendy is not entitled to notice of the new summons under 26 U.S.C. § 7609(c)(2)(D).

Arismendy responded, arguing that the IRS filed three summonses with the court containing her full name and Social Security number and issued three summonses without providing Arismendy with the legally required notice. (Docket Entry No. 21). Arismendy argues that the IRS has failed to show that any tax assessment has been made against her or that she is the transferee of a related taxpayer with an assessed liability. Arismendy filed a second response requesting the court to redact her personal information and asking the court to impose sanctions. (Docket Entry No. 22).

"Civil contempt can serve two purposes, either coercing compliance with an order or compensat[ing] a party who has suffered unnecessary injuries or costs because of contemptuous conduct." *In re Bradley*, 588 F.3d 254, 263 (5th Cir. 2009) (citations omitted) (alteration in original). Civil contempt requires "(1) that a court order was *in effect*, and (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order." *Bradley*, 588 F.3d at 264. Arismendy misstates the outcome of her prior petition to quash the summons. Contrary to her assertions, no court order was in effect. The court initially denied Arismendy's petition to quash for lack of subject matter jurisdiction and later denied the petition as moot when the government voluntarily withdrew the February 2017 summons. The court never, as

Arismendy asserts, prohibited JP Morgan Chase from turning over documents or information. None of Agent Pineda or the IRS's actions could violate or circumvent an order that did not exist. There is no basis for the court to find Agent Pineda in contempt.

The same is true for Arismendy's requests for sanctions against the government for filing public documents without redacting her personal identifying information. Federal Rule of Civil Procedure 5.2 prohibits filing documents containing an individual's full Social Security number. Although the government clearly violated Rule 5.2 when it failed to redact or seal the documents containing Arismendy's Social Security number, the court declines to impose sanctions. The documents were promptly sealed and the violations remedied. That does not diminish the seriousness of the government's irresponsible actions. The government should be well aware of its duty to redact personal identifying information in its filings and further violations of Rule 5.2 may result in sanctions.

Arismendy's motion for contempt and for sanctions, (Docket Entry Nos. 18, 22), are denied.

SIGNED on March 1, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge